10 F.3d 809
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Horacio Antonio VILLA-BETANCUR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Nov. 23, 1993.
 
 Before: TANG, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Horacio Villa-Betancur, a Columbian native and citizen, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the immigration judge's denial of his application for asylum and for withholding of deportation under 8 U.S.C. Secs. 1158(a) and 1253(h). We deny the petition.
 
 
 3
 Villa-Betancur's main point is that the BIA erred in deciding that the evidence did not support his claim that he had a well-founded fear of persecution. We agree that Villa-Betancur presented evidence from which the BIA might have determined that he had a well-founded fear. However, the BIA, "can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, --- U.S. ----, ---- 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). That means that, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at ----, 112 S.Ct. at 817. We have reviewed the record and are constrained to say that he has not met that standard. We, of course, recognize that he was once beaten when the police overreacted because he was throwing rocks at them and that he once set off a bomb after which he feared police retaliation. In neither case did persecution follow on the heels of the incident. We cannot overturn the BIA's denial of asylum.
 
 
 4
 It follows that we cannot overturn the BIA's denial of withholding of deportation. See Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 
 5
 As to Villa-Betancur's subsidiary claims, we agree with the BIA that he did not show good cause for a continuance and that if he had done so, nothing that he pointed to was likely to have made a difference in the decision. The proposed additional evidence was cumulative at best and immaterial at worst. See Nicholas v. INS, 590 F.2d 802, 809 (9th Cir.1979) (absent prejudice, there is no ground for reversal; due process is satisfied). Moreover, it is apparent that the BIA did consider all of the evidence and claims which were properly before it.
 
 
 6
 PETITION DENIED.
 
 TANG, Senior Circuit Judge, dissenting:
 
 7
 I believe Villa-Betancur is entitled to asylum based on past persecution. Villa was involved in a local political organization which organized strikes and demonstrations to protest the local government's misuse of taxes. He was involved in three demonstrations. In November, 1982, the police chased the crowd, but Villa escaped. In April, 1983, however, Villa was caught by the police after the crowd began throwing rocks at the police; he was beaten, his knee cap was broken, and the police threatened to drop him over a balcony. Two of his fellow organizers were arrested, interrogated and tortured, but were released. Villa was not detained during the third demonstration in February, 1984. In July, 1984, a "director" of the organization was allegedly "disappeared" by government forces, and has not been seen since.
 
 
 8
 The fact that Villa was beaten by the authorities for his participation in a political demonstration is sufficient to establish past persecution. "If an alien establishes eligibility for relief under section 208(a), no further showing that he or she would be persecuted is required." Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988) (internal quotations omitted; emphasis added). Although the police detained and beat Villa after the crowd threw rocks at the police, the circumstances surrounding the demonstration cannot be ignored: it was a political rally to protest the authorities' use of tax money. The fact that two of his fellow organizers were arrested and tortured, and the director of the organization was later "disappeared," is substantial evidence that Villa's beating was in response to his expression of a political opinion.
 
 
 9
 The fact that Villa was actually beaten by the authorities for political reasons separates his case from many asylum cases considered by this court. See e.g., Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987) (because petitioner was "not tortured, beaten, molested, harmed, or even threatened," and his family had never been harmed, he did not establish a well-founded fear of persecution.); Limsico v. INS, 951 F.2d 210, 212 (9th Cir.1991) (petitioner "failed to produce any evidence of instances of harm to him or his family [and] his testimony as to violence against Chinese Filipinos was vague and speculative.").
 
 
 10
 I would grant Villa's petition for review of the BIA's decision to deny asylum, and remand to the BIA for consideration of whether Villa is entitled to asylum as a matter of discretion.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3